[No. C008199. Third Dist. Dec. 24, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID CONKLIN AUER, Defendant and Appellant.

## Counsel

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—Following the denial of his motion to suppress evidence (Pen. Code, § 1538.5), a jury convicted defendant of possession of oxycodone (percodan) (Health & Saf. Code, § 11350; count I), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count II), and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).

Sentenced to state prison for five years, defendant appeals contending the trial court erred in denying his motion to suppress evidence discovered during an impound search of his vehicle because (1) the seizure of his vehicle cannot be justified by statutes authorizing impoundment of vehicles (see Veh. Code, §§ 22651, 22653, 22655.5) or as an exercise of an officer's community caretaking function (see *Cady* v. *Dombrowski* (1973) 413 U.S. 433 [37 L.Ed.2d 706, 93 S.Ct. 2523]); and (2) even if the seizure were reasonable, the prosecution failed to show the impound search was governed by standardized police procedures.

We requested, and received, additional briefing on the applicability of Vehicle Code section 22655.5 to the impoundment of defendant's car. We conclude the impoundment of defendant's car was authorized by subdivision (a) of that section. Accordingly, we shall affirm.

On July 7, 1989, Rocklin Police Officer Frederic Rockholm observed defendant drive his automobile from a public street into the parking lot of McDonald's restaurant. Defendant was alone in the car. Rockholm knew defendant from prior contacts and was aware defendant's license had been suspended. Rockholm and Officer Barry approached defendant in the McDonald's parking lot and asked him if his license was still suspended. Defendant admitted it was, and Rockholm so confirmed by radio check.

Rockholm did not intend to arrest defendant but only to cite him for driving with a suspended license. (Veh. Code, § 14601.1, subd. (a); all statutory references to sections of an undesignated code are to the Vehicle Code.) However, defendant had been stopped several times for the same offense by, among others, Officer Barry. To ensure defendant would not drive his car after the officers departed, Rockholm decided to impound it.

When a vehicle is impounded, it is the standard procedure of the Rocklin Police Department to inventory all items within the vehicle. While conducting the inventory, Rockholm felt several items inside a pocket of a leather jacket belonging to defendant. Rockholm removed the items, which turned out to be methamphetamine and percodan. Defendant was then arrested for possession of those substances.

Section 22655.5 provides in relevant part: "A peace officer . . . may remove a motor vehicle from the highway or from public or private property within the territorial limits in which the officer may act under the following circumstances: (a) When any vehicle is found upon a highway or public or private property and a peace officer has probable cause to believe that the vehicle was used as the means of committing a public offense." (Stats. 1987, ch. 359, § 1.)

 Violation of section 14601.1 is punishable by a fine and imprisonment. As such it is a public offense (Pen. Code, § 15). Officer Rockholm observed defendant, whose license he knew to be suspended, driving his vehicle on a public street immediately before it came to rest on private property. Officer Rockholm had probable cause to believe defendant was committing a public offense in his presence, i.e., driving with a suspended license. Officer Rockholm was therefore authorized to arrest defendant. (Pen. Code, § 836, subd. 1.)

 Recognizing that section 22655.5 facially authorizes the impoundment of his vehicle in the present circumstances, defendant argues a literal construction of the statute would authorize unreasonable seizures rendering it unconstitutional as violative of the Fourth Amendment. Defendant explains that a literal construction of section 22655.5 would, for example, subject to seizure vehicles illegally parked or involved in illegal U-turns, each of which is an infraction and therefore a public offense (see Pen. Code, § 16).

"[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." (*United States* v. *Raines* (1960) 362 U.S. 17, 21 [4 L.Ed.2d 524, 529, 80 S.Ct. 519].)

There is nothing to show the discretionary impoundment authorized by section 22655.5 is being or will be used as defendant speculates. We deal here with a specific set of facts. Defendant was observed by a police officer committing the misdemeanor of driving a vehicle on a public street while his driver's license was suspended. Before the officer could intervene, defendant had driven his vehicle from the public street onto private property.

Had the officer stopped defendant's vehicle on the public street, he would have had clear authority to impound defendant's vehicle under section 22651 which in relevant part provides: "Any peace officer . . . may remove a vehicle located within the territorial limits in which the officer . . . may

act, under any of the following circumstances: [¶] . . . [¶] (p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, or 14601.2 and there is no passenger in the vehicle who has a valid driver's license and authorization to operate the vehicle. Any vehicle so removed from the highway or any public lands shall not be released to the registered owner or his or her agent, except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court." (See *People* v. *Scigliano* (1987) 196 Cal.App.3d 26, 29 [241 Cal.Rptr. 546] [§ 22651, subd. (p) does not apply to vehicle on private property].)

The obvious purpose of subdivision (p) of section 22651 is to prevent the offender who is cited on a public street for driving without a valid license from reoffending when the officer has completed the citation process and departed. Section 22655.5 provides the officer the same means to ensure an unlicensed driver cited on private property will not recommit the same offense upon the officers's departure. This is no less a legitimate objective simply because the offender was fortuitously apprehended on private property instead of a public street. Defendant's constitutional challenge ignores this legitimate objective of the statute and focuses instead on hypothetical applications of the statute in factual situations with which we are not confronted. For that reason, it is rejected.

Defendant contends the legislative history of section 22655.5 establishes it is inapplicable in the present circumstances. However, where, as here, the language of the statute is clear and unambiguous, resort to the indicia of legislative intent is unnecessary. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Defendant argues that a literal construction of section 22655.5 would render surplus section 22651. The argument ignores the fact that section 22651 does not apply to vehicles on private property while section 22655.5 does. Moreover, to the extent both sections apply to vehicles on public streets and property, section 22651 is decidedly the more specific of the two. " '[W]here two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although later in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter, so far as coming within its particular provision.' " (*Riley* v. *Forbes* (1924) 193 Cal. 740, 745 [227 P. 768] quoting from *Bateman* v. *Colgan* (1896) 111 Cal. 580, 586 [44 P. 238]; *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) Section 22651 is not rendered surplus by section 22655.5; rather it continues to apply to those specific situations within its terms.

■ Defendant contends the People failed to show the inventory conformed to standard procedures. He asserts he preserved this issue by raising it in the trial court. Defendant cites his notice of motion to suppress which states that he seeks to "suppress all evidence obtained as a result of the search of his vehicle." Defendant also cites his points and authorities in support of the motion. Therein defendant argues his vehicle "was searched without a warrant and during the course of the search the officers allegedly discovered a quantity of methamphetamine and [percodan]. As the search was conducted without a warrant it is presumed to be illegal and the People therefore have the burden of justifying the search." From these citations defendant argues he "specified both the basis of his motion and the specific objects to be suppressed . . . ."

While defendant did advise the prosecution and the court he would be seeking to suppress specific items as the product of an unlawful search, he never specified he challenged the manner in which the search was conducted. In fact, aside from pointing out the search was conducted without a warrant, defendant's written motion presented no theory whatsoever. The only position argued by defendant at the hearing was the inapplicability of section 22651 to the impoundment of his vehicle. Since the People were not placed on notice of the necessity to present evidence refuting the theory defendant seeks to raise here, that theory may not be raised for the first time on appeal. (*People* v. *Kizzee* (1979) 94 Cal.App.3d 927, 934 [156 Cal.Rptr. 784]; *People* v. *Lopez* (1978) 81 Cal.App.3d 103, 108 [146 Cal.Rptr. 165]; see *People* v. *Manning* (1973) 33 Cal.App.3d 586, 595-598 [109 Cal.Rptr. 531]; *People* v. *Frank* (1985) 38 Cal.3d 711, 740 [214 Cal.Rptr. 801, 700 P.2d 415], conc. and dis. opn. of Bird, C. J.)

The judgment is affirmed.

Carr, J., and Sims, J., concurred.

A petition for a rehearing was denied January 17, 1992, and appellant's petition for review by the Supreme Court was denied March 12, 1992. Mosk, J., Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.