[No. F018160. Fifth Dist. July 1, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ELISHA LEE CLOWER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts 1 and 3.

**COUNSEL**

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## BROWN (G. A.), J.*—

### THE CASE

Elisha Lee Clower appeals from the judgment entered on his guilty plea to one violation of Health and Safety Code section 11351.5, possession of cocaine base for sale.[1] The court sentenced appellant to the five-year upper term and imposed a $2,000 restitution fine and a $10,000 fine. Appellant contends the court (1) erroneously excluded evidence and denied his motion under Penal Code section 1538.5 to suppress evidence discovered during a parole search, and (2) failed to make the necessary findings in imposing the $10,000 fine pursuant to section 11372, subdivision (a).

### THE FACTS

The evidence presented at the preliminary examination and the suppression hearing revealed: appellant was on parole from the California Youth Authority on February 5, 1992, when he was stopped and searched. Officer Grove of the California Highway Patrol Kings County Narcotics Task Force testified he had been investigating appellant's activities for four to six months before the February search. He had obtained a warrant to search appellant in September 1991, based on information from a confidential informant, but had been unable to locate him to execute it. In another search warrant, appellant was described as a person living at a residence who was selling drugs. When that warrant was executed, appellant was not at the residence and Grove had been unable to locate him. During the ongoing investigation, Grove learned that appellant was on parole.

Officer Grove reported to appellant's parole agent, Sharon Main, in November 1991, that he suspected appellant was dealing base cocaine to numerous persons in Hanford or Kings County while he lived in Fresno. On that information, Agent Main gave Grove permission to conduct parole searches of appellant when he found him. Grove spoke with Main several times after that and Main never revoked his permission to search appellant.

On February 5, 1992, Grove received information from a different confidential informant that appellant was coming to Hanford around 3 p.m., to

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.

[1]All statutory references are to the Health and Safety Code unless otherwise indicated.

All the relevant documents refer to a violation of section 11351.*1*, apparently a typographical error.

make deliveries of rock cocaine. He would be driving a black import-type sedan. Grove believed the information he received was reliable because that informant had provided reliable information on more than one occasion. That day about 3:30 p.m., Grove saw appellant driving the described car in an alleyway behind an apartment complex in Hanford. Appellant, who was alone in the vehicle, backed the car into a carport. Grove detained him because he suspected he was delivering narcotics.

Grove searched appellant's person and found .72 grams of marijuana and five rocks of cocaine base weighing 1.4 grams. A search of the vehicle turned up 18.5 grams of cocaine base secreted in the vehicle's left rear taillight housing. After appellant was arrested for possession of the contraband, officers searched his residence and found an ounce scale with cocaine base residue.

*The Excluded Testimony*

After the prosecution presented its evidence, defense counsel stated he wanted to call appellant to the stand for the limited purpose of establishing appellant had experienced numerous warrantless searches in the past several months by Grove or other members of the Kings County Narcotics Task Force based on confidential informant information. All the searches failed to turn up contraband. Appellant contended the warrantless, fruitless searches indicated a pattern of harassment. They also indicated the officer's information was unreliable and therefore the search was based on rumor or "hunch."

The prosecutor objected that such evidence was irrelevant. The court agreed, noting the information received by Grove on February 5th was from a different informant. Therefore, any fault of the prior informant's information was irrelevant to the latter's information.

After the court excluded appellant's testimony, it denied his motion to suppress evidence. The court found that pursuant to appellant's conditions of parole, he was subject to warrantless searches. In addition, Officer Grove's information from the reliable confidential informant that correlated with the activities which subsequently unfolded provided reasonable cause to detain and search appellant. Moreover, even if appellant's evidence regarding the prior searches was true, the ruling would be the same.

## DISCUSSION

1. *Was the warrantless parole search unlawful because (a) it was not based on "reasonable suspicion," or (b) it was not conducted for a proper parole purpose?*\*

. . . . . . . . . . . . . . . . . . . . . . . . . .

2. *Did the court err by excluding appellant's testimony?*

■ Appellant contends the court erred by excluding his proffered testimony concerning warrantless searches in the past four and one-half months by the Kings County Narcotics Task Force, none of which turned up anything at the suppression hearing. He submits the testimony was relevant to the issues of whether: (1) the search was part of a pattern of harassment; (2) the search was constitutionally reasonable; and (3) his parole officer was operating as an agent for law enforcement in authorizing the search.

■ It is settled law that a parole search cannot be undertaken for purposes of harassment. "To say that a parolee is subject to warrantless search is not to say that his privacy interest is so diminished that random searches or searches unrelated to a proper parole supervision purpose are reasonable and constitutionally permissible." (*People* v. *Burgener* (1986) 41 Cal.3d 505, 533 [224 Cal.Rptr. 112, 714 P.2d 1251]; accord, *Hernandez* v. *Superior Court* (1980) 110 Cal.App.3d 355, 366 [185 Cal.Rptr. 127]; *People* v. *Guerrero* (1978) 85 Cal.App.3d 572, 582 [149 Cal.Rptr. 555]; cf. *People* v. *Bravo* (1987) 43 Cal.3d 600, 607, 610 [238 Cal.Rptr. 282, 738 P.2d 336].) In *Bravo* the court stated a parole search cannot be conducted for the purpose of harrassment. Despite the common acceptance of this proposition, there is a dearth of case law discussing the concept of "harassment" in the context of probationary or parole searches.

In *United States* v. *Follette* (S.D.N.Y. 1968) 282 F.Supp. 10, 13, the court noted that a parole search could become constitutionally "unreasonable" if made too often, or at an unreasonable hour, or if unreasonably prolonged or for other reasons establishing arbitrary or oppressive conduct by the searching officer. In *People* v. *Bremmer* (1973) 30 Cal.App.3d 1058, 1062 [106 Cal.Rptr. 797], the court stated that the unrestricted search of a probationer or parolee by law enforcement officers at their whim and caprice is a form of harassment. And in *In re Anthony S.* (1992) 4 Cal.App.4th 1000, 1004 [6 Cal.Rptr.2d 214], the court concluded a search is "arbitrary" or "capricious," when the motivation for the search is unrelated to rehabilitative, reformative,

---

\*See footnote, *ante*, page 1737.

or legitimate law enforcement purposes, or when the search is motivated by personal animosity toward the parolee.

In this case, appellant's proffered evidence—that he was subjected to six warrantless, fruitless searches in the preceding four and one-half months—clearly was relevant to the issue of whether he had been subjected to repetitive parole searches for harassment purposes. If the court does not consider evidence of prior unfruitful searches because such evidence is irrelevant to the present search, the issue of harassment will never be litigated because the unfruitful searches will generally not result in a court proceeding. Therefore, appellant's testimony should not have been excluded as irrelevant.

The testimony was also somewhat relevant on the issue of whether the search was constitutionally reasonable. The trial court found the testimony irrelevant because the information Officer Grove received on February 5th was from a different informant. Officer Grove testified he obtained the information he used to detain and search appellant that day from a different reliable confidential informant than had provided the information which served as a basis for the search warrant in September 1991.

However, the September 1991 search warrant had nothing to do with the six warrantless, fruitless searches. Officer Grove had not located appellant to serve the warrant, so it would appear that the complained of searches were unconnected to the warrant. Moreover, appellant's testimony might have been relevant to challenge the reliability of the February 5th informant, if that informant supplied information which led to any of the six fruitless searches. Finally, appellant's testimony might have called into question the general reliability of the informants used by the Kings County Narcotics Task Force. Therefore, the testimony was relevant on the issue of whether Officer Grove had reasonable suspicion to search appellant on February 5.

The People point out the evidence was not offered to challenge the investigator's credibility or to prove the parole office was acting as an agent of law enforcement so its admissibility cannot be urged on those grounds on appeal. They are correct. Since the People were not placed on notice of the necessity to present evidence refuting that theory, the theory may not be raised for the first time on appeal. (*People* v. *Auer* (1991) 1 Cal.App.4th 1664, 1670 [2 Cal.Rptr.2d 823].) However, since the evidence was relevant on other grounds, the court erred by excluding appellant's testimony.

Because appellant was not permitted to testify regarding the circumstances of the earlier searches—who conducted them, under what circumstances,

whether the same confidential informant who supplied the information which led to the February 5th search supplied information which instigated those searches, etc.—there was no evidence with which the court could evaluate his claims that the confidential informant was in fact unreliable or that the February 5th search was part of a pattern of harassment. In other words, appellant was precluded from fully litigating the legality of the search on February 5.

The trial court commented that, even if appellant's proffered testimony was true, it would still deny the suppression motion. However, since the record does not disclose how appellant's testimony would have impacted the reasonable suspicion or harassment issues, we cannot determine with any degree of certainty what result the trial court would have reached had it considered appellant's testimony. (*People* v. *Cornejo* (1979) 92 Cal.App.3d 637, 656 [155 Cal.Rptr. 238].) Accordingly, we cannot conclude there is no reasonable probability that a result more favorable to appellant would have been reached in the absence of the error. (*People* v. *Mizchele* (1983) 142 Cal.App.3d 686, 691 [191 Cal.Rptr. 245, 39 A.L.R.4th 959].) Therefore, the judgment must be reversed.

Appellant also argues the court erred in denying his motion to suppress because the six warrantless, fruitless searches constituted harassment as a matter of law. We disagree; absent additional information about the circumstances of the search, this court cannot conclude appellant was searched for improper purposes with any more certainty than it can conclude he was searched for lawful purposes. Six searches over a four- to five-month period, without more, do not necessarily indicate harassment.

Accordingly, the judgment should be reversed and the matter remanded for a new suppression hearing giving appellant the opportunity to present his testimony material to the legality of the search. (Cf. *People* v. *Brooks* (1980) 26 Cal.3d 471, 483 [162 Cal.Rptr. 177, 605 P.2d 1306].) If after the hearing, the court denies appellant's motion to suppress evidence, the judgment can be reinstated.

3.   *Did the court fail to make the necessary findings when imposing the $10,000 fine pursuant to section 11372, subdivision (a)?**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante*, page 1737.

## Disposition

The judgment is reversed and the cause is remanded to the trial court with directions to hold a new suppression hearing. If the court denies the motion, the judgment and sentence shall be reinstated.

Vartabedian, Acting P. J., and Buckley, J., concurred.