[No. B079434. Second Dist., Div. Five. June 28, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CESAR A. TREJO, Defendant and Appellant.

COUNSEL

Geoffrey R. Pope, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Scott W. Davenport, Deputy Attorneys General, Plaintiff and Respondent.

OPINION

TURNER, P. J.—Defendant, Cesar Trejo, appeals his felony conviction after a Penal Code section 1538.5 suppression of evidence motion was denied. Because the motion was properly denied, other than modifying the amount of presentence credits, we affirm the judgment.[1]

When the appropriate standard of review is applied (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961]; accord,

---

[1] We agree with the Attorney General that the amount of presentence credits must be modified. (*People* v. *Walkkein* (1993) 14 Cal.App.4th 1401, 1411 [18 Cal.Rptr.2d 383]; *People* v. *King* (1992) 3 Cal.App.4th 882, 886 [4 Cal.Rptr.2d 723]; *People* v. *Huff* (1990) 223 Cal.App.3d 1100, 1104-1106 [273 Cal.Rptr. 44].)

*People* v. *Clair* (1992) 2 Cal.4th 629, 678 [7 Cal.Rptr.2d 564, 828 P.2d 705]), the following was the evidence which warranted the trial court's denial of the suppression of evidence motion. At 4:50 a.m. on April 9, 1993, two Los Angeles police officers observed defendant drive a 1971 Cadillac through a stop sign. Using a computer in the patrol car, one of the officers determined there "was an outstanding warrant on the [Cadillac]." This meant that the car had been driven in the past by the subject of the arrest warrant, which in this case was for a misdemeanor. Defendant drove the Cadillac Fleetwood into a driveway and the officers parked their patrol car behind the it. One of the officers approached defendant and asked for identification. Defendant could produce no driver's license, registration, or other form of identification of any kind. Defendant fit the general description of the person named in the warrant. Once he was unable to produce identification, he was arrested. During a "low profile cursory frisk for weapons and possible identification," marijuana was discovered in his right front pants pocket. One of the officers then conducted an inventory search of the car prior to it being towed. During the inventory search, a firearm was discovered under the armrest in the back seat of the Cadillac, which was not parked on a highway or any publicly owned property.

■ On appeal, defendant argues there was noncompliance with the requirements of Vehicle Code section 22651, subdivision (p), which permits the towing of a car under specified circumstances, because the car was not on a "highway or any public lands . . . ." However, violation of this provision of the Vehicle Code does not provide a basis for the suppression of evidence. The validity of searches is determined by federal constitutional rules, "not state law." (*In re James D.* (1987) 43 Cal.3d 903, 911 [239 Cal.Rptr. 663, 741 P.2d 161].) Inventory searches of the type involved in this case have repeatedly been found to be reasonable searches under the Fourth Amendment. (*Colorado* v. *Bertine* (1987) 479 U.S. 367, 375-376 [93 L.Ed.2d 739, 747-749, 107 S.Ct. 738]; *South Dakota* v. *Opperman* (1976) 428 U.S. 364, 369, 376 [49 L.Ed.2d 1000, 1005, 1009, 96 S.Ct. 3092]; *Cady* v. *Dombrowski* (1973) 413 U.S. 433, 441-447 [37 L.Ed.2d 706, 714-718, 93 S.Ct. 2523]; *People* v. *Auer* (1991) 1 Cal.App.4th 1664, 1667-1669 [2 Cal.Rptr.2d 823]; *People* v. *Steeley* (1989) 210 Cal.App.3d 887, 890-891 [258 Cal.Rptr. 699].) The inventory search in the present case, which discovered the firearm under an armrest, did not involve the opening of closed containers. (Cf. *Florida* v. *Wells* (1990) 495 U.S. 1, 4-5 [109 L.Ed.2d 1, 6-7, 110 S.Ct. 1632] [pre-*California* v. *Acevedo* (1991) 500 U.S. 565, 567-571 [114 L.Ed.2d 619, 625-629, 111 S.Ct. 1982], search of locked suitcase invalidated because of absence of standardized criteria to limit search of closed containers].) Accordingly, the fact that the Fleetwood was not on a highway or public lands as specified in Vehicle Code section 22651,

subdivision (p) was not a basis for suppressing evidence under federal law. The fact that the car was not on a highway or public lands is not a proper basis to suppress evidence under the United States Constitution. Therefore, the motion to suppress was properly denied.

The judgment is modified to correct the award of presentence credits so that defendant receives 163 days of credit, which includes 54 days of conduct credits. As modified, the judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.