[No. B093482. Second Dist., Div. Seven. June 12, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
LAWRENCE L. GREEN, Defendant and Respondent.

■■■■■■■■■■

■■■■■■■■■■

## COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes and Moira J. Curry, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Rhonda May-Rucker and Mark G. Harvis, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—The People appeal from an order of the court dismissing the case pursuant to Penal Code section 1385 following the granting of defendant's motion to suppress evidence. The People contend the superior court erred in suppressing evidence obtained during an inventory search of defendant's vehicle because the police department had a policy regarding impounding vehicles and inventory searches which was set forth in the Vehicle Code.

The hearing on the motion to suppress evidence was submitted on the transcript of the preliminary hearing.

*Preliminary Hearing Testimony and Proceedings*

On October 28, 1994, Inglewood Police Officer Jean Veronee and her partner Officer Mejia stopped defendant for driving a vehicle with an expired registration in violation of Vehicle Code section 4000. Defendant was alone and had no driver's license or other form of identification and was arrested for driving without a driver's license in violation of Vehicle Code section 12500. Defendant's vehicle was impounded, and during an inventory search Officer Mejia found on the seat of the vehicle, a small piece of a white substance resembling rock cocaine.[1] Mejia also retrieved a glass cocaine pipe from the defendant's right front pocket.

Defendant objected to the admission into evidence of the cocaine and pipe and argued that the evidence was seized in violation of his right against

---

[1] It was stipulated for the purpose of the preliminary hearing that the substance contained approximately 0.095 grams of solid substance containing cocaine in the base form.

unreasonable searches and seizures. He argued his offenses, driving without a license in possession and driving without registration were citable infractions and did not require that he be arrested or that his car be impounded. Defendant's motion to suppress all evidence obtained from the search was denied and he was held to answer for possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a), possession of a smoking device in violation of Health and Safety Code section 11364 and driving a motor vehicle upon a highway without a valid driver's license in violation of Vehicle Code section 12500, subdivision (a).

*Suppression Motion in Superior Court*

On February 9, 1995, defendant filed a motion in superior court to suppress the cocaine pursuant to Penal Code section 1538.5 on the grounds that "the impound search of the defendant's vehicle was unconstitutional because no standard criteria was articulated governing the officer's decision to impound the vehicle."

At the hearing, the trial court indicated it had read defendant's points and authorities, the responsive authorities cited by the People and the transcript of the preliminary hearing. The parties and the court agreed that the "testimony on this issue" would be submitted on the transcript of the preliminary hearing. Defendant argued that in order for a search to stand under an inventory search the law enforcement agency had to have some type of policy though not necessarily a written policy and that the Inglewood Police Department had not provided the court any information that would indicate it had a policy on inventory searches.

In response, the prosecution represented to the court that it was caught by surprise, that while defense counsel stated she had served the prosecution with the motion, the prosecutor could not find it. After allowing a brief recess, the prosecution argued that Vehicle Code section 22651, subdivisions (h), (o) and (p)[2] were a codification of the policy and that in response to defendant's subpoena, the Inglewood Police Department had submitted portions of the Vehicle Code. The prosecution argued that defendant was

---

[2]During the relevant time, Vehicle Code section 22651 listed circumstances permitting the removal of vehicles and provided in relevant part: "(h) When an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody. . . . (o)(1) When any vehicle is found upon a highway, any public lands, or an offstreet parking facility with a registration expiration date in excess of one year before the date it is found on the highway, public lands, or the offstreet parking facility. However, if the vehicle is occupied, only a peace officer . . . may remove the vehicle. . . . (p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500 . . . and there is no passenger in the vehicle who has a valid driver's license and authorization to operate the vehicle. . . ."

driving a vehicle with an expired registration, did not have a driver's license or other satisfactory evidence of identification and was taken into custody and the removal and search of the vehicle under this Vehicle Code section were proper.

The court stated that the matter had been submitted on the preliminary hearing testimony and that "none of this was testified to at that point." The court questioned whether the police officer had to "articulate something at some point in his testimony with respect to his justification for the search?"[3]

The court granted the motion to suppress, stating it had an obligation "to rule on this matter based on what—the way it was presented to me and on the evidence presented. And on that basis I do not believe that there is sufficient basis to uphold a search in this case." As the People were unable to proceed, the case was dismissed.

## DISCUSSION

■ " ' "A proceeding under [Penal Code] section 1538.5 to suppress evidence is one in which a full hearing is held on the issues before the superior court *sitting as a finder of fact*." [Citation.]' [Citation.] (Italics added.) In such a proceeding the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor the exercise of that power, and the trial court's findings on such matters, whether express or implied, must be upheld if they are supported by substantial evidence. The trial court also has the duty to decide whether, on the facts found, the search was unreasonable within the meaning of the Constitution. Although that issue is a question of law, the trial court's conclusion on the point should not lightly be challenged by appeal or by petition for extraordinary writ. Of course, if such review is nevertheless sought, it becomes the ultimate responsibility of the appellate court to measure the facts, as found by the trier, against the constitutional standard of reasonableness." (*People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621], fn. omitted.)

■ "There is little doubt that law enforcement authorities under certain conditions have the right, and often the duty, to impound a motor vehicle." (*People* v. *Andrews* (1970) 6 Cal.App.3d 428, 431 [85 Cal.Rptr. 908].) An officer may exercise discretion in deciding when to impound an automobile " 'so long as that discretion is exercised according to standard criteria and on

---

[3]The prosecution asked the court to take judicial notice of the Vehicle Code and those relevant sections that provide that all police officers are subject to these laws.

the basis of something other than suspicion of evidence of criminal activity. . . .' [Citation.]" *(People* v. *Benites* (1992) 9 Cal.App.4th 309, 324 [11 Cal.Rptr.2d 512].) During the relevant time, Vehicle Code section 22651, subdivision (p), authorized peace officers to impound a vehicle "[w]hen the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500 . . . and there is no passenger in the vehicle who has a valid driver's license and authorization to operate the vehicle." This is a clear statement of the circumstances under which the Legislature determined that a police officer may impound a vehicle. Additional support is provided by *People* v. *Benites, supra,* 9 Cal.App.4th 309, 327-328 and *People* v. *Burch* (1986) 188 Cal.App.3d 172, 176 [232 Cal.Rptr. 502], wherein the courts held that officers, acting pursuant to Vehicle Code section 22651, subdivision (p), in deciding to impound automobiles had followed standardized criteria within the meaning of *Colorado* v. *Bertine* (1987) 479 U.S. 367, 371 [93 L.Ed.2d 739, 745, 107 S.Ct. 738].

In the instant case, Officers Veronee and Mejia stopped defendant, who was alone, for driving a vehicle with an expired registration in violation of Vehicle Code section 4000 and arrested him for driving without a driver's license in violation of Vehicle Code section 12500. The officers impounded the vehicle as there was no other person with a valid license present to take control of the automobile while defendant was taken to jail. Additionally, under the law the vehicle could not be driven with an expired registration. The officers acted pursuant to standard impound procedures provided by Vehicle Code section 22651, subdivision (p), and acted well within their authority to impound defendant's car pursuant to this section.

■ The People further contend that the inventory search of the impounded automobile was reasonable under the Fourth Amendment of the United States Constitution and should have been upheld. The People argue that Vehicle Code section 22651 provided an inventory policy. We agree that the search was reasonable.

■ The United States Supreme Court has recognized that "inventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *(Colorado* v. *Bertine, supra,* 479 U. S. at p. 371 [93 L.Ed.2d at p. 745].) "In the interests of public safety and as part of what the Court has called 'community caretaking functions,' [citation] automobiles are frequently taken into police custody." *(South Dakota* v. *Opperman* (1976) 428 U.S. 364, 368 [49 L.Ed.2d 1000, 1005, 96 S.Ct. 3092].) "[I]t is undisputed that once a vehicle has been impounded, the police may conduct an inventory search. [Citation.]" *(U.S.* v. *Wanless* (9th Cir. 1989) 882 F.2d 1459, 1463.) "[L]ocal police departments generally follow a routine practice

of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody [citation]; the protection of the police against claims or disputes over lost or stolen property [citation]; and the protection of the police from potential danger [citation]. The practice has been viewed as essential to respond to incidents of theft or vandalism. [Citations.]" (*South Dakota* v. *Opperman, supra,* 428 U.S. at p. 369 [49 L.Ed.2d at p. 1005].)

Inventory searches must be reasonable under the Fourth Amendment. "In applying the reasonableness standard . . . [the Supreme] Court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." (*South Dakota* v. *Opperman, supra,* 428 U.S. at p. 373 [49 L.Ed.2d at p. 1007].) "A so-called inventory search is not an independent legal concept but rather an incidental administrative step following [impound] . . . ." (*Illinois* v. *LaFayette* (1983) 462 U.S. 640, 644 [77 L.Ed.2d 65, 70, 103 S.Ct. 2605].) The search should be carried out pursuant to standardized procedures, as this would "tend[] to ensure that the intrusion would be limited in scope to the extent necessary to carry out the caretaking function." (*South Dakota* v. *Opperman, supra,* 428 U.S. at p. 375 [49 L.Ed.2d at p. 1008].) "The policy or practice governing inventory searches should be designed to produce an inventory. The individual police officer must not be allowed so much latitude that inventory searches are turned into 'a purposeful and general means of discovering evidence of crime,' [citation]." (*Florida* v. *Wells* (1990) 495 U.S. 1, 4 [109 L.Ed.2d 1, 6, 110 S.Ct. 1632].)

This court has stated: "Inventory searches of the type involved in this case have repeatedly been found to be reasonable searches under the Fourth Amendment. [Citations.]" (*People* v. *Trejo* (1994) 26 Cal.App.4th 460, 462 [31 Cal.Rptr.2d 302].) "And if during the course of the inventory contraband or other evidence of crime is observed, it may be seized for legally permitted confiscation, or for use as evidence in a later criminal prosecution." (*People* v. *Andrews, supra,* 6 Cal.App.3d at p. 437.)

 Officer Mejia conducted an inventory search of the automobile after deciding to impound it and while doing so discovered rock cocaine on the seat. There is no indication that the inventory search of the car was merely a "ruse" to try to discover evidence of criminal activity, nor is there any indication that the search exceeded the scope of its protective purposes. In fact, Officer Veronee clearly stated on cross-examination that, "It was an inventory search since we were impounding his vehicle." The substance of

this statement is clear. Officer Veronee considered the inventory search to be a natural consequence following the decision to impound defendant's automobile. Although she did not use the magic words "standard procedure," her matter-of-fact response indicates that an inventory search following impound of the vehicle is standard department procedure.

We conclude that Vehicle Code section 22651, subdivision (p), provided the required standard impound procedures; and Officers Mejia and Veronee acted well within their authority to impound defendant's car pursuant to this section. We also conclude that, in inventorying defendant's impounded car, the officers followed a standard procedure, which has been found to prevail throughout the country and has been approved by an overwhelming majority of courts and that the search was, therefore, not unreasonable under the Fourth Amendment.

### DISPOSITION

The order dismissing the action is vacated, the information is reinstated, and the cause is remanded to the superior court with directions to deny the motion to suppress.

Woods, J., concurred

**JOHNSON, J.**—I respectfully dissent.

In my view, the majority opinion contains the seeds of its own destruction. The opinion quotes the very language from United States Supreme Court decisions which requires law enforcement agencies to establish "standardized procedures" for the *conduct* of inventory searches. (Maj. opn., *ante*, at p. 374, citing and quoting from *South Dakota* v. *Opperman* (1976) 428 U.S. 364 [49 L.Ed.2d 1000, 96 S.Ct. 3092] and *Florida* v. *Wells* (1990) 495 U.S. 1 [109 L.Ed.2d 1, 110 S.Ct. 1632].) The nation's highest court has held the searches must be conducted in compliance with these standardized procedures to "ensure that the intrusion [will] be limited in scope to the extent necessary to carry out the caretaking function." (*South Dakota* v. *Opperman, supra,* 428 U.S. at p. 375 [49 L.Ed.2d at p. 1008].)

The majority opinion does not offer any "standardized procedures" Inglewood or the state has established defining *how* inventory searches are to be conducted. Instead it relies on Vehicle Code section 22651 which merely describes *when* vehicles may be impounded (and thus presumably subjected to some sort of inventory search). (Maj. opn., *ante*, at p. 371, fn. 2.) True, adherence to section 22651 ensures the vehicle will only be impounded if

certain circumstances exist. But it does not address in any way the high court's concern the ensuing search "be limited in scope to the extent necessary to carry out the caretaking function" (*South Dakota* v. *Opperman*, *supra*, 428 U.S. at p. 375 [49 L.Ed.2d at p. 1008]) and only broad enough "to produce an inventory" not a " 'purposeful and general means of discovering evidence of crime." ' (*Florida* v. *Wells*, *supra*, 495 U.S. at p. 4 [109 L.Ed.2d at p. 6].) Thus, by itself, Vehicle Code section 22651 simply does not satisfy the requirements laid down by the United States Supreme Court if the search of a vehicle is to qualify as an "inventory search" and thus pass constitutional muster.

For this reason, I would affirm the trial court's order suppressing the evidence seized as a result of this unlawful search of respondent's vehicle.

Respondent's petition for review by the Supreme Court was denied September 18, 1996. Mosk, J., Kennard, J., and Werdergar, J., were of the opinion that the petition should be granted.