Filed 3/20/15  P. v. Vanleer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074243 |
| v. | (Super. Ct. No. CM034214) |
| KARLENE VANLEER, | |
| Defendant and Appellant. | |

Defendant Karlene Vanleer appeals from the trial court's denial of her request to reinstate drug diversion under Penal Code section 1000.[1]  She claims the court relied on evidence from a search of her car that was obtained in violation of her Fourth Amendment rights and the evidence should have been suppressed.  We conclude the car search was unlawful because defendant's section 1000 status did not include a

---

[1]    Undesignated statutory references are to the Penal Code.

requirement that she submit to warrantless searches. However, even though the search was unlawful, the evidence from the car search could be considered in the drug diversion revocation hearing. Thus, we affirm the trial court's denial of defendant's request to reinstate drug diversion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.

### *The 2011 Case[2]*

On March 17, 2011, in Paradise, defendant was found to be in possession of two oxycodone pills. Each pill contained a useable amount. Defendant did not have a prescription to possess or use oxycodone.

In April 2011, in case No. CM034214 (the 2011 case), defendant pled guilty to felony possession of oxycodone. (Health & Saf. Code, § 11350, subd. (a).) In exchange, two related counts were dismissed. Defendant was granted deferred entry of judgment (DEJ) and drug diversion under section 1000.

### B.

### *The 2012 Case[3]*

On April 7, 2012, Paradise Police Officer Robert Wright was on patrol with a canine partner. He saw a four-door car traveling westbound at an intersection. One of the car's brake lamps was not operational. Officer Wright stopped the car and contacted the driver, whom he identified in court as defendant.

---

[2] The 2011 matter was resolved by plea and the facts of that offense are not at issue in this appeal. Accordingly, our statement of facts is taken from the prosecutor's statement of the factual basis for the plea.

[3] Our statement of facts for the 2012 matter is taken from the suppression hearing.

Officer Wright was familiar with defendant from prior contact. He discussed the brake lamp issue with her and asked if she was on parole, probation, the Sheriff's Work Alternatives Program, or released from custody on her own recognizance. Defendant said words to the effect that "she was on PC 1000, and she believed that she was searchable."

Officer Wright advised defendant he was going to search her car. He asked her to step out of the car, which she did without resistance or reluctance. Officer Wright first searched the interior of the car and found no contraband. Then he told defendant he had a canine certified in the detection of narcotics. Officer Wright asked defendant if she had any narcotics or paraphernalia hidden in any compartments in the car. She indicated that she did not.

Officer Wright and his canine conducted an open air search around defendant's car. The canine alerted to the odor of narcotics at the trunk of the car. Officer Wright requested a key or remote control that defendant provided and he used it to open the trunk. He asked if clothing in the trunk belonged to her and she said it did.

Officer Wright searched a cloth bag and found an eyeglass case containing a glass pipe with a "white cakey substance" on the stem. He arrested her for possession of drug paraphernalia, which formed the basis of the 2012 case. (Case No. SCR88379 (the 2012 case).) After being advised of her constitutional rights, defendant admitted the pipe constituted a device for ingesting methamphetamine.

3

## C.

### *Procedure*

In November 2012, the trial court (Judge Lucena) terminated defendant's DEJ in the 2011 case without accepting her plea and set the matter for further proceedings.

In January 2013, defendant filed a written suppression motion in the 2012 case. The suppression motion and the further proceedings on the DEJ were set to be heard on January 22, 2013.

On January 22, 2013, the trial court (Judge Candela) heard defendant's suppression motion in the 2012 case and, in conjunction, considered whether to accept defendant's guilty plea and enter judgment in the 2011 case. Following the presentation of evidence, the court denied the suppression motion in the 2012 case. The court found it was reasonable for the officer to rely on defendant's statement that she was under a searchable condition even though section 1000 does not, by statute, authorize a search condition. The court further found that even if the search had been unlawful and the evidence had been suppressed in the 2012 case, the evidence could be considered at the hearing to terminate the DEJ in the 2011 case. The trial court accepted defendant's plea in the 2011 case and referred her to probation under Proposition 36. (§ 1210.1.) The prosecution moved to dismiss the 2012 case in the interest of justice.

In March 2013, defendant declined Proposition 36 probation.

In May 2013, the trial court denied defendant's request to reinstate drug diversion under section 1000 and granted her formal probation for one year on the condition, among others, that she serve 10 days' incarceration with five days' credit for time served.

The trial court issued a certificate of probable cause for appeal.

DISCUSSION

### *Termination of Drug Diversion Based on Evidence from Car Search*

Defendant contends the glass pipe and cakey substance were seized in violation of the Fourth Amendment to the United States Constitution and thus should have been suppressed.  The People respond that the trial court properly denied defendant's motion to suppress because the officer reasonably relied on her statement she believed she was searchable.  Even if the search of defendant's car was unlawful, the People argue the trial court properly terminated defendant's drug diversion and accepted her plea in the 2011 case because the evidence presented at the motion to suppress was admissible in a probation revocation hearing and the circumstances of the car search were not so egregious as to warrant exclusion.

### A.

### *Trial Court Ruling*

First, the trial court denied defendant's motion to suppress finding it was reasonable for the officer to rely on defendant's statement she was searchable.  Next, the trial court noted that even if the search had been unlawful and the evidence had been suppressed for purposes of the 2012 case, the evidence could be admissible at a probation revocation hearing and was thus admissible in the section 1000 drug diversion hearing unless the officer's conduct shocked the conscience of the court.  The court explained: "[T]he way I read the authorities is that the evidence that resulted from an illegal search could be admissible in a probation revocation hearing, and I can't see why it would be any different with PC 1000 unless the conduct of the officer shocks the consci[ence] of the Court.  And certainly . . . I would not have found that the officer's conduct shocked the consci[ence] of the Court."

**B.**

*Lawfulness of Car Search*

Relying on *People v. White* (2003) 107 Cal.App.4th 636, defendant asserts Officer Wright should have known section 1000 does not include search conditions and that this mistake of law renders the evidence from the search inadmissible. *White* involved a mistake in law where the officer erroneously believed Arizona law required a front and rear license plate, and the law only required one license plate. (*Id*. at p. 640.) Here, it appears both defendant and Officer Wright were under the mistaken belief that section 1000 drug diversion made her subject to warrantless search.

In *Terry v. Superior Court* (1999) 73 Cal.App.4th 661, the court held the imposition of drug search terms on the defendant was unlawful because deferred entry of judgment is a creature of statute. Although the statute prescribes a number of terms and conditions, nowhere does it allow the imposition of a search condition. (*Id*. at p. 665.) Thus, a trial court has no authority to impose search conditions upon a defendant under section 1000. (*Id*. at pp. 665-666.)

Based on this clear authority and the officer's mistake, we must conclude the car search was unlawful.

**C.**

*Exclusionary Rule in Revocation Hearings*

"Under federal constitutional principles, the search of [defendant's car] may have violated the Fourth Amendment, but the evidence obtained is nonetheless admissible to establish a probation violation. 'The Fourth Amendment of the United States Constitution, which is enforceable against the states as a component of the Fourteenth Amendment's guaranty of due process of law [citation], provides in relevant part: "The right of the people to be secure in their persons, houses, papers and effects, against

6

unreasonable searches and seizures, shall not be violated. . . . " ' [Citation.] However, the United States Supreme Court has 'emphasized repeatedly that the government's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution. [Citations.] Rather, a Fourth Amendment violation is " 'fully accomplished' " by the illegal search or seizure, and no exclusion of evidence from a judicial or administrative proceeding can " 'cure the invasion of the defendant's rights which he [or she] has already suffered.' " [Citation.] The exclusionary rule is instead a judicially created means of deterring illegal searches and seizures. [Citation.] As such, the rule does not "proscribe the introduction of illegally seized evidence in all proceedings or against all persons," [citation], but applies only in contexts "where its remedial objectives are thought most efficaciously served," [citations]. Moreover, because the rule is prudential rather than constitutionally mandated, [the United States Supreme Court has] held it to be applicable only where its deterrence benefits outweigh its "substantial social costs." [Citation.]' [Citation.] In recognition of these costs, the United States Supreme Court has 'repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials.' [Citation.]

"The United States Supreme Court has not directly addressed whether the exclusionary rule applies in probation revocation hearings but has refused to extend the rule to parole revocation proceedings. [Citation.] But . . . the lower federal and California courts have specifically held that the exclusionary rule does not apply in probation revocation hearings, unless the police conduct at issue shocks the conscience. [Citations.]" (*People v. Lazlo* (2012) 206 Cal.App.4th 1063, 1069-1070 (*Lazlo*); see *People v. Racklin* (2011) 195 Cal.App.4th 872, 878-879; *People v. Harrison* (1988) 199 Cal.App.3d 803, 811; *People v. Nixon* (1982) 131 Cal.App.3d 687, 691, 693-694.)

7

Defendant does not discuss the foregoing authorities or suggest probation and parole are so different from section 1000 drug diversion that the above authorities should not apply to this case. In fact, it has been recognized diversion and DEJ under section 1000 are "similar in effect and purpose to probation." (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 691; see also *People v. Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 66 ["diversion may also be viewed as a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation"].) Under section 1000 drug diversion, an eligible defendant must enter a guilty plea and formal judgment is deferred. (§ 1000.1.) Like probation, once a diversion order is entered, no trial or other criminal proceeding remains pending. Under section 1000 drug diversion, if a defendant performs satisfactorily during the deferral period, the criminal charge or charges are dismissed (§ 1000.3) and the arrest upon which the judgment was deferred shall be deemed to have never occurred (§ 1000.4). If a defendant has not performed satisfactorily during the period of deferred entry of judgment, "the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing." (§ 1000.3.)

Defendant claims Officer Wright's search of her car should shock the conscience because he "could not provide a single indicia of wrongdoing to justify such a prolonged and invasive search. There were no furtive movements, no smells or odors of drugs, no signs of weapons or risks of personal safety to the officer. [Defendant] was completely honest and cooperative." But early in the encounter, Officer Wright established defendant "was on PC 1000, and she believed that she was searchable." We conclude Wright's reliance on defendant's belief is not so shocking to the conscience as to require application of the exclusionary rule. (*Lazlo, supra,* 206 Cal.App.4th at pp. 1069-1070.)

8

We agree Officer Wright should have known section 1000 does not authorize a search condition. But Wright faced *two* conflicting statements or assertions: that defendant was on section 1000 diversion, *and* that she was subject to a search condition. An experienced officer would know section 1000 diversion does not include a search condition. Here, it appears Officer Wright was not aware of the fact that a search condition is not part of a drug diversion order under section 1000. Given the conflicting statements, the better course would have been for Officer Wright to consult police records to confirm whether defendant had a search condition. However, his treatment of the conflicting statements does not shock the court's conscience or require exclusion of the evidence from the revocation hearing.

Defendant also asserts that "[n]othing about the officer's search was brief, or limited, or convenient." She notes searches conducted pursuant to release conditions have been held to be unreasonable if conducted too often, at an unreasonable time, when the search is unreasonably prolonged, or for other reasons establishing arbitrary or oppressive conduct by the searching officers. (Citing *People v. Reyes* (1998) 19 Cal.4th 743, 753-754; *People v. Clower* (1993) 16 Cal.App.4th 1737, 1741.) There is no evidence in the record supporting defendant's assertion the search was at an unreasonable time or was unreasonably prolonged. The car search took place at 9:00 p.m. after defendant was stopped for a traffic violation.

Defendant also claims Officer Wright conducted the search for "the purpose of harassment and for arbitrary and capricious reasons." There is no evidence in the record to support this claim. As we have explained, the officer was unaware a search condition cannot be part of section 1000 drug diversion and mistakenly relied on defendant's statement that she was searchable.

9

Finally, we reject defendant's reply argument that, but for its "upholding of the search," the trial court could not have deemed her unsuitable for drug diversion. As we have explained, even if the fruits of the search had been suppressed in the 2012 case, the exclusionary rule would not have applied at the drug diversion revocation hearing in the 2011 case.

## DISPOSITION

The judgment is affirmed.


        HOCH     , J.


We concur:


     BUTZ     , Acting P. J.


     DUARTE   , J.