[No. F010505. Fifth Dist. May 19, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES DALE STEELEY, Defendant and Appellant.

**COUNSEL**

Ward & Dunn and Michael J. Ward for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Joel Carey and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), J.—** ▇▇▇ In this action we determine that when an officer impounds a vehicle and conducts an inventory search of it, the holding of *Colorado* v. *Bertine* (1987) 479 U.S. 367 [93 L.Ed.2d 739, 107 S.Ct. 738], requiring that the officer must act pursuant to a standardized procedure, does not require that the procedure be written.

### STATEMENT OF THE CASE

Upon his plea of guilty, appellant, James Dale Steeley, was convicted of unlawful possession of a controlled substance (Health & Saf. Code, § 11377) and possession of a firearm by an ex-felon (Pen. Code, § 12021). He appeals the denial of his motion to suppress evidence made pursuant to Penal Code section 1538.5.

### STATEMENT OF FACTS

At about 11:45 p.m. on December 8, 1987, Modesto Police Officer Mark Frink stopped an orange Chevrolet Vega with a burned-out headlight. When asked for identification, the driver, appellant, replied that he was Thomas Steeley but had no identification. Upon running a Department of Motor Vehicles check of that name, Officer Frink discovered that Thomas Steeley had a suspended or revoked driver's license. The DMV check also revealed that Thomas Steeley was not the registered owner of the vehicle. Officer Frink cited appellant for driving with a revoked driver's license in

violation of Vehicle Code section 14601.1, subdivision (a). After determining that the passenger of the car was also without a valid driver's license, the officer decided to have the car towed for impoundment pursuant to Vehicle Code section 22651, subdivision (p).[1] Appellant and his passenger were told to remove whatever they wanted from the car. They removed two briefcase-type bags.

During the course of conducting an inventory search of the interior of the vehicle, and while looking in the glove compartment for the vehicle registration, Officer Frink found a baggie of methamphetamine. He also found a loaded revolver inside a rolled-up sleeping bag on the back seat. Officer Frink then arrested appellant.

At the police station appellant's true identity was ascertained, and it was discovered that he was a parole absconder. After obtaining authorization from appellant's parole officer, the bags were searched and inside were found needles, credit cards, checks, a Social Security card in appellant's name, and bindles of methamphetamine.

### DISCUSSION

Appellant raises three issues on appeal. First, he claims that he has standing to challenge the search of the vehicle. Since the trial court did not rule against appellant on the issue of standing and the People have not appealed the finding of standing, the issue is not properly before this court. Second, he contends that the inventory search of the vehicle was invalid and that the evidence found in the vehicle must be suppressed. Third, he contends that if the inventory search was unlawful, his arrest and subsequent parole search were tainted and the evidence found in the bags must be suppressed. The determination of whether the officer conducted a lawful inventory search of the vehicle is thus pivotal to a resolution of the appeal.

In reviewing the denial of a motion to suppress under Penal Code section 1538.5, this court is bound by the factual findings, implied or

---

[1] At the times relevant to this action, Vehicle Code section 22651 provided in part: "Any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code; or any regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city or a county in which a vehicle is located may remove a vehicle from a highway located within the territorial limits in which the officer or employee may act under any of the following circumstances:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, or 14601.2 and there is no passenger in the vehicle who has a valid driver's license and authorization to operate the vehicle. Any vehicle so removed from the highway or any public lands shall not be released to the registered owner or his or her agent except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle or upon order of a court." (Stats. 1987, ch. 521, § 1.)

express, of the trial court if such findings are supported by substantial evidence. (*People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621].) The task of the appellate court is to measure the facts as found by the trial court against the constitutional standard of reasonableness. (*Ibid.*) ■ Inventory searches are now a "well-defined exception to the warrant requirement of the Fourth Amendment." (*Colorado* v. *Bertine, supra,* 479 U.S. at p. 371 [93 L.Ed.2d at p. 745].) An inventory search is reasonable, however, only if conducted in good faith according to standardized procedures. (*Id.* at pp. 375-376 [93 L.Ed.2d at p. 748].)

■ Appellant challenges the adequacy of the impoundment inventory on the basis that it was not conducted pursuant to a routine policy governed by standardized criteria. Specifically, he contends that because the officer in the field had discretion to decide whether to have the vehicle impounded or to park and lock the vehicle where it was stopped, the procedure is not sufficiently routine and standardized to constitute a lawful impoundment inventory. According to appellant, absent written guidelines which delineate under what circumstances impoundment is required, the procedure is not sufficiently standardized to withstand constitutional scrutiny.

He cites as authority for this proposition two footnotes to the United States Supreme Court's opinion in *Colorado* v. *Bertine, supra,* 479 U.S. at pages 374 and 376 [93 L.Ed.2d at pages 747-748], in which the majority responds to the dissent's contention that the procedures followed by the police were not based upon standardized criteria. The majority points to the fact that the trial court found the procedures to have been "officially authorized" and that the directive pertaining to the care and security of vehicles taken into police custody established several conditions which must be met before an officer can park and lock a vehicle. There is nothing in the court's discussion from which it can be discerned that procedures for impoundment and inventory must be written. While written criteria may be evidence of standardization, the absence of written criteria would not mean that the procedures were not standard. By the same token, unreasonable procedures do not ipso facto become standard, and therefore legal, merely because they are contained in a written directive.

Appellant misconstrues the focus of the inquiry to determine whether the conduct of the police officer is lawful under the Fourth Amendment. The Fourth Amendment proscribes unreasonable searches. (*South Dakota* v. *Opperman* (1976) 428 U.S. 364, 371-372 [49 L.ED.2d 1000, 1006, 96 S.Ct. 3092].) ■ It is well settled that inventories of impounded vehicles are reasonable where the process is aimed at securing or protecting the car and its contents. (*Id.* at p. 373 [49 L.Ed.2d at p. 1007].) Such searches are unreasonable and therefore violative of the Fourth Amendment when used

as a ruse to conduct an investigatory search. (*Colorado* v. *Bertine, supra,* 479 U.S. at pp. 371-372 [93 L.Ed.2d at pp. 745-746].) ██ Appellant does not contend that the search of the vehicle was done in bad faith for the purpose of investigation, and there is no evidence that such was the case.

Appellant does not challenge Officer Frink's authority pursuant to Vehicle Code section 22651, subdivision (p), to impound the vehicle which he was driving. The fact that the statute gives the officer the discretion to decide whether to impound or to otherwise secure the vehicle does not mean that the procedure is unreasonable in Fourth Amendment terms. The fact that there may be less intrusive means of protecting a vehicle and its contents does not render the decision to impound unreasonable. (*Colorado* v. *Bertine, supra,* 479 U.S. at pp. 374-375 [93 L.Ed.2d at p. 747].)

Officer Frink testified that although he was not required to impound and tow a vehicle after citing the driver for driving with a suspended or revoked license, in making the decision to impound and tow he would consider whether there was another licensed driver in the vehicle, where the vehicle was located, how many citations had been issued to the driver and whether the driver is the owner of the car. Here, there was no other licensed driver, the car was blocking a driveway and appellant was not the registered owner of the vehicle. It was not unreasonable for Officer Frink to conclude that the appropriate way to protect the vehicle was impoundment.

Officer Frink also testified that it is standard procedure to inventory the contents of a vehicle prior to towing "[t]o make sure when the tow truck is towing the car, to make sure what property is in the vehicle in case it shows up missing from the tow yard. We have a record of what had left the scene so to speak." Indeed, he is obligated to prepare a "vehicle report," including an inventory of property in the vehicle, when a vehicle is to be impounded.

Inventory searches of the type conducted in this case are recognized across the nation as standard caretaking functions of the police. (*South Dakota* v. *Opperman, supra,* 428 U.S. at pp. 369-372 [49 L.Ed.2d at pp. 1005-1007]; *People* v. *Burch* (1986) 188 Cal.App.3d 172, 177-180.)

██ Appellant further contends that the parole search which revealed the needles, credit cards, and methamphetamine was conducted after his arrest, which he asserts was illegal. Accordingly, he argues the parole search was also illegal. However, because we have determined appellant's arrest was based upon items discovered in a proper inventory search, his contention regarding the parole search fails.

The trial court properly denied appellant's motion to suppress.

The judgment is affirmed.

Best, Acting P. J., and Baxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 6, 1989.