Filed 5/21/13  P. v. Spani CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062281 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237104) |
| GREGORY ALLEN SPANI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederick Maguire and Kenneth K. So, Judges.  Affirmed.

Henry C. Coker, Public Defender, Randy Mize, Chief Deputy Public Defender, Matthew Braner and Peter Will, Deputy Public Defenders, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Gregory Allen Spani appeals the order granting him probation[1] after a jury found him guilty of possessing and transporting methamphetamine. (Health & Saf. Code, §§ 11377, subd. (a), 11379, subd. (a); Pen. Code, § 1210.1, subd. (a).) Spani contends the trial court should have granted his motion to suppress the methamphetamine because it was obtained as a result of an illegal search. We reject this contention and affirm.

FACTUAL BACKGROUND

San Diego police officers on patrol at approximately 2:00 a.m. saw Spani driving a vehicle with expired registration tags in a bicycle lane in a residential neighborhood. Spani did not live in the vicinity. The officers stopped Spani and asked him for his driver's license, vehicle registration, and proof of insurance. Spani's license had expired, and the vehicle registration, which was not in Spani's name, had expired more than a year earlier. When the officers ran a records check, they learned that Spani's license was suspended and that he had been arrested for drug offenses. The officers arrested Spani for driving with a suspended license, impounded the vehicle, and conducted an inventory search. The officers found a baggie containing methamphetamine, which they confiscated, but left a surfboard, two bicycles, a tool box, and other items inside the vehicle. The officers completed an impound form that listed the items found in the vehicle.

---

1    An order granting probation is deemed a final judgment for purposes of appeal. (Pen. Code, §§ 1237, subd. (a), 1466, subd. (b)(1).)

2

PROCEDURAL BACKGROUND

Spani moved to suppress the methamphetamine on the ground it was obtained as the result of an unlawful search of his vehicle. Specifically, he argued the search was presumptively illegal because it was conducted without a warrant.

The People opposed the suppression motion. They argued that the police officers' observation of Spani driving a vehicle with expired registration tags in a bicycle lane justified the initial stop; the discovery that Spani's license had expired justified the arrest; and the impoundment and associated inventory search of the vehicle were lawful.

In his reply papers, Spani argued the search was illegal because it was not necessary to impound the vehicle, and the inventory search was a ruse to discover incriminating evidence.

The court ruled the methamphetamine was properly seized because it was found during a lawful inventory search of a vehicle subject to impoundment. The court thus denied Spani's suppression motion.

DISCUSSION

Spani argues the inventory search of his vehicle violated his federal constitutional right "to be secure in [his] person[], houses, papers, and effects, against unreasonable searches and seizures." (U.S. Const., 4th Amend.; see *Mapp v. Ohio* (1961) 367 U.S. 643, 655 [holding 4th Amend. applicable to states through 14th Amend.].) Specifically, he contends that the search was not a valid inventory search because (1) it was not done in accordance with departmental policy requiring the removal and storage of all valuable property from an impounded vehicle, and (2) the officers' decision to impound the

3

vehicle and then undertake an inventory search was a pretext to look for contraband. As we shall explain, these contentions lack merit.

A.      *Standard of Review*

A defendant may move to suppress evidence obtained as a result of a search or seizure on the ground the search or seizure was unreasonable. (Pen. Code, § 1538.5, subd. (a)(1)(A).) When reviewing a trial court's ruling on a suppression motion, "[w]e defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

B.      *Legal Analysis*

"An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage." (*Whren v. United States* (1996) 517 U.S. 806, 811, fn. 1.) Such a "search may be 'reasonable' under the Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause." (*Colorado v. Bertine* (1987) 479 U.S. 367, 371.) An inventory search does not violate the Fourth Amendment if it is conducted "pursuant to standard police procedures" (*South Dakota v. Opperman* (1976) 428 U.S. 364, 372 (*Opperman*)) or if it is regulated by "standardized criteria" or "established routine" (*Florida v. Wells* (1990) 495 U.S. 1, 4 (*Wells*)). Such a search, however, "must not be a ruse for a general rummaging in order to discover incriminating evidence." (*Ibid.*)

4

The requirements of a lawful inventory search were satisfied in this case. A police officer may impound a vehicle where, as here, the driver has a suspended license or the vehicle registration expired more than six months before impoundment. (Veh. Code, § 22651, subds. (h)(1), (*o*)(1)(A); *People v. Redd* (2010) 48 Cal.4th 691, 721 (*Redd*).) "Having impounded the vehicle, [the officers] had authority to conduct an inventory of the vehicle's contents 'aimed at securing or protecting the [vehicle] and its contents.'" (*Redd*, at p. 721.) The record indicates the inventory search here was conducted for the purpose of protecting the contents of the vehicle. One of the officers who arrested Spani testified that the police department has procedures officers must follow when impounding a vehicle, including conducting a search of the vehicle and completing a form that lists the contents of the vehicle in order to keep track of what is delivered to the impound yard. This testimony "established that the inventory was conducted pursuant to standard criteria, and that [the officers were] 'not allowed so much latitude that [the search could turn] into "a purposeful and general means of discovering evidence of crime." '" (*Id.* at pp. 721-722.)

Spani asserts the inventory search here was unlawful because the officers did not strictly comply with "the core parts of the policy designed to safe[guard] the owner's property." Specifically, Spani complains that by keeping his surfboard, bicycles, and other items in the vehicle, the officers violated written departmental policy that all property of evidentiary or monetary value be removed from the vehicle and stored at police headquarters or the local police station. We are not persuaded.

5

As an initial matter, it is not clear from the record that the particular policy provisions Spani relies upon apply to inventory searches. The policy manual was not admitted as evidence in the trial court; and according to the testimony at the suppression hearing, the provisions Spani cites are included in a section of the manual entitled "Investigations" and thus may apply only to investigative searches. Even if we assume arguendo that the provisions cited by Spani are applicable, failure to comply with every detail of a written policy governing inventory searches does not invalidate such a search. Such a search need not "be conducted in a totally mechanical 'all or nothing' fashion." "The allowance of the exercise of judgment based on concerns related to the purposes of an inventory search does not violate the Fourth Amendment." (*Wells*, *supra*, 495 U.S. at p. 4.) Here, one of the police officers who arrested Spani testified, based on his training and 20 years of experience, that when performing the inventory search required whenever a vehicle is impounded, police routinely leave surfboards, bicycles, luggage, and other such personal belongings inside the vehicle so that the owners may retrieve them from the impound yard. Following such standard police practice, even though unwritten, renders a search reasonable under the Fourth Amendment. (*People v. Needham* (2000) 79 Cal.App.4th 260, 266-267; *People v. Green* (1996) 46 Cal.App.4th 367, 375 (*Green*); *People v. Steeley* (1989) 210 Cal.App.3d 887, 891-892 (*Steeley*).)

Spani also argues that the vehicle impoundment and associated inventory search were unconstitutional because they were merely a ruse for police to conduct an investigative search. Spani does "not disput[e] that subjectively an officer *could* have genuinely decided to tow [the] vehicle rather than search it for contraband." But, he

claims the officers' decisions to arrest him and to impound the vehicle, after learning of his prior arrests for drug offenses, and their failure to store his personal belongings at a police facility, indicate the officers "were much less concerned about protecting [his] property than searching through it." The trial court, however, concluded the decision to impound the vehicle was made for legitimate reasons and not "for purposes of harassment or abuse." The record supports that conclusion.

At the hearing on Spani's motion to suppress evidence, one of the arresting officers testified he based his decision to impound the vehicle on the facts that Spani's license was suspended, he was arrested, and the vehicle registration expired more than six months earlier. These are statutorily authorized (and therefore reasonable) grounds upon which to impound a vehicle. (Veh. Code, § 22651, subds. (h)(1), (*o*)(1)(A), (p); *Redd*, *supra*, 48 Cal.4th at p. 721; *Steeley*, *supra*, 210 Cal.App.3d at p. 892.) The officer further testified that when deciding whether to impound a vehicle, he considers whether the driver is alone, whether a properly licensed person is available to drive the vehicle, whether he suspects the driver is lying or trying to conceal something, the time of day, and whether the stop occurs near the driver's residence. Although the officer's testimony regarding suspicion of lying or concealment might suggest an investigative motive, the other circumstances considered by the officer indicate the decision to impound the vehicle was, as a whole, "based on factors other than using it as a pretext to engage in a search for criminal activity." (*People v. Benites* (1992) 9 Cal.App.4th 309, 326.) Substantial evidence thus supports the trial court's finding that the decision to impound the vehicle

7

Spani was driving was not a ruse to search for incriminating evidence.[2]  Accordingly, once the officers properly decided to impound the vehicle, they were permitted to conduct an inventory search.  (*Opperman*, *supra*, 428 U.S. at p. 373; *Redd*, *supra*, 48 Cal.4th at p. 721.)

At oral argument, Spani's counsel urged us to hold the inventory search invalid based on three federal appellate decisions.  (See *U.S. v. Cartwright* (7th Cir. 2010) 630 F.3d 610; *U.S. v. Proctor* (D.C. Cir. 2007) 489 F.3d 1348; *U.S. v. Rowland* (8th Cir. 2003) 341 F.3d 774.)  Of course, these lower federal court decisions are not binding on us.  (See, e.g., *People v. Collins* (2010) 49 Cal.4th 175, 233; *People v. Crittenden* (1994) 9 Cal.4th 83, 120, fn. 3.)  They are also not on point.  The *Proctor* court held an inventory search was unreasonable when police officers' decision to impound the vehicle violated the department's written policy, and the officers conducted an inventory search under conditions where the policy expressly prohibited such a search.  (489 F.3d at pp. 1354-1356.)  Here, by contrast, Spani's counsel conceded the impoundment was proper, and the inventory search itself was authorized by standard police procedure.  In *Rowland*, the court held an inventory search was pretextual when law enforcement officers impounded a vehicle; "called for a drug-sniffing dog to be brought to the scene"; "sifted through the vehicle's contents searching only for and recording only incriminating evidence"; and "testified the search was partly conducted to investigate the possibility

---

2      To the extent we are required to review claims of pretext de novo, we agree with the trial court's assessment of the evidence.  (Cf. *People v. Valenzuela* (1999) 74 Cal.App.4th 1202, 1208 [whether decision to stop taxicab to conduct administrative inspection was pretextual was subject to de novo review].)

8

Rowland might be trafficking narcotics."  (341 F.3d at pp. 780, 782.)  As we discussed earlier, the record here discloses no comparable circumstances suggesting the search of Spani's vehicle was pretextual.  Finally, the *Cartwright* court "held that minor deviations from department policy" — there, the failure to make a complete list of the property found in the impounded car — "do not render an inventory search unreasonable."  (630 F.3d at p. 616.)  Here, the deviation complained of was even more minor, for it concerned not the taking of the inventory but the post-inventory storage of certain items.  We thus conclude that none of these decisions supports invalidation of the inventory search conducted in this case.

In sum, we hold that the impoundment and associated inventory search of the vehicle Spani was driving were reasonable and did not violate the Fourth Amendment.  We also hold that because contraband discovered during a lawful inventory search may be seized and used as evidence in a criminal prosecution (*Green*, *supra*, 46 Cal.App.4th at p. 374), the trial court correctly denied Spani's motion to suppress.

DISPOSITION

The order is affirmed.

_____
IRION, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
HUFFMAN, J.