Filed 7/31/13  P. v. Bacon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B242470 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386780) |
| v. | |
| JAMES BACON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Clifford L. Klein, Judge.  Affirmed.

_____

Walter L. Gordon III for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Marc A. Kohm and Stephanie Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

James Bacon appeals from the judgment of conviction after his no contest plea to one count of possession of a controlled substance with a firearm. Bacon challenges the denial of his motion to suppress evidence found during a warrantless search of his vehicle. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At a preliminary hearing on October 21, 2011, the People presented the following evidence: While on patrol on the afternoon of July 18, 2011, Los Angeles Police Department (LAPD) Officers Sandoval and Hackman stopped to investigate a car illegally parked in an alley. They saw Bacon, approximately five feet from the vehicle, talking with at least two members of the Black P. Stone gang. The officers recognized Bacon from previous encounters and knew that the illegally parked vehicle belonged to him. Bacon was a well-known Black P. Stone gang member, and Sandoval knew that Bacon had been served with an injunction prohibiting him from associating with any other members of the gang. Once the officers witnessed Bacon violating the injunction, LAPD policy mandated that they arrest and transport him to the station. After detaining Bacon, Sandoval decided to impound and inventory Bacon's car because the vehicle was blocking several carports, was presenting a fire hazard and was unsafe to leave in its location. Both Sandoval and Hackman "didn't feel comfortable" entrusting the car to one of Bacon's fellow gang members.

Officer Marcinek arrived at the scene after Bacon's arrest and volunteered to perform an inventory search of the vehicle. He understood the scope of the inventory to be limited to finding and documenting valuables. Marcinek began the inventory, as was his usual, "personal way of doing things," on the driver's side, starting low on the floor and working his way up. When he put his hand on the floorboard to support himself to look under the driver's seat, he immediately felt the outlines of a handgun behind the upholstery under the brake pedal. The upholstery pulled up easily, and the officer found a nine-millimeter handgun. The vehicle was then moved to the impound lot, and Marcinek, along with his partner, continued to search the car. His partner found $50 in the glove compartment, and Marcinek discovered multiple bindles of rock cocaine in the

2

same location as the handgun but on the passenger's side. Marcinek did not personally document the items found in Bacon's vehicle, but another officer "was completing the [inventory] form."

After the presentation of evidence, Bacon argued that no charges could be filed against him based on the discovery of the handgun and narcotics in his vehicle because the police had retrieved them in an unconstitutional warrantless search. The trial court (Judge Ray Jurado) found the officers' testimony credible that they had impounded Bacon's car because "the vehicle may have impeded traffic in the alley, may have impeded ingress and egress from carports and also access of fire department vehicles . . . ." The court further noted that the officers were not required to allow another gang member to move the car. It also considered a section on inventory searches from LAPD policy consistent with the officers' testimony, finding Marcinek's conduct in beginning the search by looking under the driver's seat reasonable and within the scope of a standard inventory search. When the officer felt the outlines of a handgun, the inventory search ended, and he had probable cause to conduct an investigatory search by lifting the upholstery, which led to his finding the handgun and later the narcotics. The court thus concluded that the People could use evidence of the handgun and narcotics to charge Bacon with possession offenses.

On November 4, 2011, the People filed an information charging Bacon with one count of possession of a controlled substance with a firearm and two other counts. The information specially alleged that Bacon had a prior juvenile adjudication that qualified as a strike under the "Three Strikes" law and had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Bacon filed a motion under Penal Code section 1538.5, renewing the argument he had made at the preliminary hearing that evidence of the handgun and narcotics found in his vehicle should be suppressed because the police needed a warrant to search his car. He argued that the inventory search was a pretext to perform an unlawful investigatory search. On January 26, 2012, the trial court (Judge Clifford Klein) adopted the factual findings made at the preliminary hearing and denied Bacon's suppression motion.

3

The court noted that, although an inventory search has limitations, an officer is allowed to look under the seat and, once "he feels the gun," may lift the upholstery. On April 12, 2012, the court also denied a motion by Bacon to declare the LAPD inventory search policy unconstitutional.

After the denial of those motions, Bacon pleaded no contest to the charge of possession of a controlled substance with a firearm and admitted his prior juvenile adjudication as a strike. The court dismissed the remaining two counts and prior prison term allegation. The court sentenced Bacon to state prison for four years, consisting of the low term of two years for possession of a controlled substance with a firearm, doubled pursuant to the Three Strikes law. Bacon filed a timely appeal.

## DISCUSSION

### I. THE OFFICERS IMPOUNDED THE CAR BASED ON STANDARDIZED CRITERIA CONSISTENT WITH LAPD POLICY

Bacon challenges the officers' motives for impounding the vehicle and conducting an inventory search and contends that the prosecution did not meet its burden to justify the warrantless search with written evidence of standard LAPD policy. We conclude the impound and inventory search were proper.

A warrantless search is presumed unconstitutional unless the prosecution justifies it under an established exception to the requirement of a warrant. (*People v. Williams* (1999) 20 Cal.4th 119, 127.) An inventory search conducted without a warrant is justified when incident to a vehicle impound if the prosecution shows objective """community caretaking""" reasons for the underlying impound based on the "'location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft.'" (*People v. Williams* (2006) 145 Cal.App.4th 756, 761.) The officers' state of mind when deciding to impound must show that the ensuing inventory search was not a "ruse to conduct an investigatory search" for evidence. (*People v. Steeley* (1989) 210 Cal.App.3d 887, 892.) Accordingly, the officer conducting the search must follow "standardized criteria" in determining whether to impound the vehicle. (*Colorado v. Bertine* (1987) 479 U.S. 367, 375-376.)

4

Nevertheless, "requiring that the officer must act pursuant to a standardized procedure[] does not require that the procedure be written." (*Steeley*, at p. 889.) In reviewing the propriety of a warrantless inventory search incident to a vehicle impound, we defer to the express and implied factual and credibility findings of the trial court, if supported by substantial evidence. (*People v. Nottoli* (2011) 199 Cal.App.4th 531, 545.) We independently review application of the law to the factual findings and determine if the search was reasonable under Fourth Amendment jurisprudence. (*Ibid.*)

The trial court found that the officers decided to impound Bacon's car based on objective, standardized reasons rather than as a ruse to search for a firearm. Under LAPD policy, the officers were required to arrest Bacon for violating the gang injunction and thus had a duty to move his illegally parked car. Although LAPD policy allows some discretion to entrust a vehicle to another, the officers had legitimate reasons for not allowing one of Bacon's fellow gang members to move the car. Substantial evidence supports these factual findings. Based on the findings, the decision to impound was reasonable, as it served ""community caretaking functions"" (*People v. Williams, supra*, 145 Cal.App.4th at p. 761) and was made according to "standardized criteria" (*Colorado v. Bertine, supra*, 479 U.S. at p. 376).

Bacon argues that, even if the officers had legitimate reasons to impound the car, the ensuing inventory search was not conducted according to an LAPD written policy shown by the prosecution. The officers' testimony, however, was sufficient to establish LAPD impound and inventory search policy, and written evidence of the policy was not required. In *People v. Steeley, supra*, 210 Cal.App.3d at p. 891, the defendant relied on the absence of a written police policy for impounding a vehicle and conducting an inventory search as evidence of investigatory pretext. The appellate court rejected the need for a written policy, clarifying that, "[w]hile written criteria may be evidence of standardization, the absence of written criteria would not mean that the procedures were not standard." (*Ibid.*) Here, the officers' description of the factors they weigh when deciding to impound a vehicle and their explanation that "an inventory search has to be done" when a vehicle is impounded sufficiently stated a standardized policy.

The testimony of Sandoval and Hackman also established that their reasons to impound Bacon's vehicle were in line with that policy. (*People v. Shafrir* (2010) 183 Cal.App.4th 1238, 1248 [impound and inventory search were reasonable and standardized despite absence of a written policy when two officers offered the same legitimate reasons for the decision to exercise their discretion to impound].).)[1]

Bacon also contends that Marcinek's conduct in first looking under the driver's seat and his failure to complete an inventory form reveal that the search was a pretext to find evidence. Beginning the inventory search with the area under the driver's seat, however, was within the scope of a lawful and standardized inventory. Marcinek's personal practice to begin an inventory search on the floor and work his way up was not evidence of pretext or excessive discretion. The officer understood that his purpose in conducting the search was to document valuable items in order to protect the owner's property and the police from false claims of theft. An officer could reasonably include the area under the seat, where small valuables like cell phones or money might easily fall, in a routine inventory search. Marcinek's decision to lift the upholstery when he felt the outlines of the handgun did not need to fall within the scope of the inventory search policy because the search at that point became investigatory in nature. In addition,

---

[1]  In the trial court, Bacon submitted one page of an LAPD manual with a section entitled "Inventory of Property From Vehicles Taken Into Lawful Police Custody," which allows LAPD officers to search in "any . . . compartment or box that may contain property." Bacon argued that the LAPD policy stated in that section of the manual was unconstitutionally overbroad. The trial court at the preliminary hearing reasonably found that Marcinek's conduct and testimony was in line with the policy. After denying Bacon's suppression motion, the trial court also denied his motion to declare the policy unconstitutional. We agree that, on its face, the policy furthers the purpose of an inventory search to document valuables and does not allow an unconstitutional degree of discretion to search every part of the car. (*Florida v. Wells* (1990) 495 U.S. 1, 4 ["policies of opening all containers or of opening no containers are unquestionably permissible" and policy allowing discretion to open "closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors" are "equally permissible"].) As applied here, allowing officer discretion to look under the seats is not unconstitutionally broad or outside the scope of a proper inventory search under the terms of the policy.

Marcinek, who began the inventory search, did not complete the inventory form because his search immediately became investigatory once he felt a weapon.

## II. THE OFFICER HAD PROBABLE CAUSE TO BEGIN AN INVESTIGATORY SEARCH WHEN HE FELT THE OUTLINES OF A HANDGUN

Bacon concedes that, once the officer felt what he believed to be a handgun, the inventory search ceased, but argues that a warrant was required at that point to continue searching his car. We disagree.

A search for evidence "supported by probable cause . . . is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." (*United States. v. Ross* (1982) 456 U.S. 798, 809.) If justified by probable cause, the search may include "every part of the vehicle and its contents that may conceal the object of the search." (*Id.* at p. 825.) An officer has probable cause to conduct an investigatory search if objective facts would lead a reasonably prudent person to believe that that contraband will be found during the search. (*People v. Evans* (2011) 200 Cal.App.4th 735, 753.) A trial court evaluating a probable cause justification for a warrantless search must determine based on the circumstances whether there was a "fair probability that contraband or evidence of a crime w[ould] be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238.) A reviewing court must find a "'substantial basis for . . . conclud[ing]' that probable cause existed." (*Id.* at pp. 238-239.)

Here, a substantial basis exists to conclude that Marcinek had probable cause to conduct an investigatory search of Bacon's vehicle. Because the officers' decision to impound Bacon's vehicle was proper, once Marcinek felt the outlines of a handgun under the carpet, there was a "fair probability" that pulling up the upholstery would reveal a weapon. (*Illinois v. Gates*, *supra*, 462 U.S. at p. 238.) The officer thus had probable cause to conduct an investigatory search once he felt the outlines of a handgun under the upholstery. When Marcinek found the handgun, he then had probable cause to search the rest of the vehicle without a warrant. The investigatory search, therefore, was justified

7

under the probable cause exception to the warrant requirement.  (*People v. Benites* (1992) 9 Cal.App.4th 309, 328 [lawful inventory search properly shifted to investigatory search when officer saw a shotgun in the trunk because at that point the officer had probable cause to search the entire van].)

Bacon claims that, under *Arizona v. Gant* (2009) 556 U.S. 332, 351, the officers were prohibited from searching his vehicle incident to his arrest because he was outside his locked car when the officers detained him.  *Gant* does not control here. In *Gant*, the police could not justify a warrantless search for evidence without probable cause when based on an arrest for driving with a suspended license.  (*Id.* at p. 344.) Another exception to the warrant requirement, however, could have justified the search. (*Id.* at p. 351.)  Bacon concedes that there was no attempt to justify the inventory search as incident to his arrest.  Although the police could not have searched the vehicle based on Bacon's violation of the gang injunction, and his ensuing arrest, the prosecution met its burden to justify the inventory search based on the lawful impound and the subsequent investigatory search based on probable cause.  The handgun and narcotics were found during a reasonable and properly justified warrantless search.  Denial of the motion to suppress, therefore, was proper.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.                                    JOHNSON, J.

8