Filed 8/15/23  In re P.H. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re P.H., a Person Coming Under the Juvenile Court Law. | B324894 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>P.H.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. NJ29899) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John C. Lawson II, Judge.  Affirmed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

P.H., a minor, appeals the sustaining of a Welfare and Institutions Code section 602 petition alleging he committed the offense of possession of a firearm by a minor in violation of Penal Code section 29610. He contends the juvenile court erred in denying his motion to suppress evidence of the firearm, which police discovered inside his backpack during an inventory search of the vehicle N.H. was driving. We affirm, finding the officers properly impounded appellant's vehicle and the search of his backpack was done in accordance with standard police department procedures.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1.      *The Stop and Inventory Search*[1]

Gerrit de Jongh, a sergeant in the Long Beach Police Department's (LBPD) motor detail, was on solo patrol on his motorcycle on March 24, 2022 at 7:00 p.m. De Jongh observed a vehicle with illegally tinted windows and no rear license plate driving on Lakewood Boulevard near the traffic circle. De Jongh stopped the vehicle on Lakewood, and it parked in an area that was an open traffic lane with no parking allowed.

Appellant was driving the car and two other minors were occupants. Appellant did not have a driver's license, nor did the other minors. According to police procedure, if a car had no licensed drivers, de Jongh was required to tow the vehicle for the safety of both the occupants of the vehicle and the public at large.

At this point, de Jongh called for additional units. While waiting for backup to arrive, de Jongh began to write appellant a citation for three

---

[1]      The facts recited herein are taken from Sergeant de Jongh's testimony at the suppression hearing.

infractions: driving without a license, no rear license plate, and tinted windows. All three minors remained in the vehicle and were cooperative.

Four other officers arrived after about 15 to 20 minutes, and they removed the minors from the car. De Jongh conducted a pat search of appellant and found nothing. Appellant signed the citation and asked for his backpack, money and cellphone.

While the minors sat on the curb, the other officers conducted a search of the car for purposes of inventory. Section 27 of the LBPD Training Bulletin (section 27) requires officers to conduct an inventory of an impounded vehicle, including "any items found in the glove [compartment], trunk[], and other items such as bags and purses."[2]

However, at the suppression hearing, de Jongh did not testify regarding any specific policy governing the opening of closed containers during an inventory search.

During the inventory search, Officer Purcell found a handgun in appellant's backpack. De Jongh did not participate in the inventory and did not fill out the inventory form, nor did he know whether an inventory form was filled out in conformance with LBPD standards.

Appellant was arrested for possession of a firearm by a minor, and the other two minors were released to their parents. De Jongh did not contact any of the minors' parents to see if anyone could drive the car.

---

[2] No written copy of section 27 was introduced at the suppression hearing, although Sergeant de Jongh was shown a written copy during his testimony to refresh his recollection.

3

The vehicle was towed pursuant to Vehicle Code section 22651[3] and LBPD section 27.

### 2. *Appellant's Motion to Suppress; Trial Court Ruling*

On June 16, 2022, the Los Angeles County District Attorney filed a one-count section 602 petition alleging that appellant violated Penal Code section 29610 (minor in possession of a firearm).

Appellant moved pursuant to Welfare and Institutions Code section 700.1 to suppress the handgun.  He argued the vehicle was not lawfully searched under three exceptions to the warrant requirement.  First, he contended the automobile exception did not apply because there were no facts supporting a reasonable belief a crime had been committed; second, the search incident to lawful arrest exception did not apply because his arrest was illegal; and third, the inventory exception did not apply.

After hearing argument, the juvenile court took the matter under submission and later denied the motion, relying on *Colorado v. Bertine* (1987) 479 U.S. 367 (*Bertine*), *People v. Steeley* (1989) 210 Cal.App.3d 887 (*Steeley*), and *People v. Benites* (1992) 9 Cal.App.4th 309.  The court concluded the vehicle was towed pursuant to normal police protocols and the caretaking function, and the search of containers in the vehicle was part of towing policy.

After the juvenile court denied the motion to suppress, appellant admitted the charge and the court sustained the petition.  The court placed appellant on probation for six months.

---

[3]     Vehicle Code section 22651 authorizes an impound "[w]hen an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody."  (Veh. Code, § 22651, subd. (h)(1).)

## DISCUSSION

Appellant asserts the vehicle was not properly impounded according to the community caretaking function; rather, de Jongh's search was improperly motivated by pretext because Vehicle Code section 22651 makes clear towing is discretionary. Further, appellant asserts the search of his backpack violated the Fourth Amendment because it was not conducted in accordance with any specific standardized procedure relating to the opening of containers, such as the backpack. We disagree.

### A. *Standard of Review*

On review of a motion to suppress evidence based upon a violation of the Fourth Amendment, we view the facts in the light most favorable to the prosecution and will uphold the trial court's factual findings if supported by substantial evidence. (*People v. Woods* (1999) 21 Cal.4th 668, 673.) We independently determine whether the search or seizure was reasonable. (*People v. Weaver* (2001) 26 Cal.4th 876, 924.)

### B. *The Prosecution Established the Impound and Search of Appellant's Car Did Not Violate the Fourth Amendment*

#### 1. *Legal Principles Governing Inventory Searches*

The Fourth Amendment guarantees the right against unreasonable searches and seizures by the government. (*People v. Camacho* (2000) 23 Cal.4th 824, 829.) We presume that a search conducted without a warrant is illegal. (*People v. Williams* (2006) 145 Cal.App.4th 756, 761.) As a result, "[w]hen a defendant raises a challenge to the legality of a warrantless search or seizure, the People are obligated to produce proof sufficient to show, by a preponderance of the evidence, that the search fell within one of the

5

recognized exceptions to the warrant requirement." (*People v. Romeo* (2015) 240 Cal.App.4th 931, 939.)

A defendant meets his or her initial burden of challenging the constitutionality of a warrantless search or seizure by "simply assert[ing] the absence of a warrant and mak[ing] a prima facie showing to support that assertion." (*People v. Williams* (1999) 20 Cal.4th 119, 130 (*Williams*).) The People then bear the burden of proving that both the impoundment and search were constitutionally reasonable under all the circumstances. (*Ibid.*; *People v. Williams, supra,* 145 Cal.App.4th at p. 762.) Reasonableness is "the touchstone of the Fourth Amendment." (*Florida v. Jimeno* (1991) 500 U.S. 248, 250.)

An inventory search conducted during the impounding of an automobile is an exception to the warrant requirement of the Fourth Amendment. (*Bertine, supra,* 479 U.S. at p. 371; *People v. Torres* (2010) 188 Cal.App.4th 775, 787 (*Torres*).) Police may search an impounded vehicle to secure and protect the vehicle and its contents. (*South Dakota v. Opperman* (1976) 428 U.S. 364, 373.) This "community caretaking" function permits the impound of a vehicle where it poses a threat to safety or the free flow of traffic, or where someone other than the defendant cannot move the car to a safe location. (*Torres, supra,* at p. 791; *Halajian v. D&B Towing* (2012) 209 Cal.App.4th 1, 15.)

When impounding a vehicle, police officers generally follow a routine system of securing and inventorying its contents. "'These procedures [were] developed in response to three distinct needs: the protection of the owner's property while it remains in police custody [citation]; the protection of the police against claims or disputes over lost or stolen property [citation]; and

the protection of the police from potential danger [citation].'" (*People v. Burch* (1986) 188 Cal.App.3d 172, 177–178.)

To prevent pretext searches, police discretion in performing an inventory search must be "exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." (*Bertine, supra,* 479 U.S. at p. 375.) Further, "[t]he policy or practice governing inventory searches should be designed to produce an inventory." (*Florida v. Well*s (1990) 495 U.S. 1, 4 (*Wells*); *Williams, supra,* 20 Cal.4th at p. 126.)

As explained in *Wells,* there is no Fourth Amendment obstruction to an inventory search of the inside of a closed container if it is done pursuant to police department policy. "[P]olicies of opening all containers or of opening no containers are unquestionably permissible," as is a policy "to allow the opening of closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors." (*Wells, supra,* 495 U.S. at p. 4.) Finally, as stated in *Bertine, supra,* 479 U.S. 367, "'Even if less intrusive means existed of protecting some particular types of property, it would be unreasonable to expect police officers in the everyday course of business to make fine and subtle distinctions in deciding which containers or items may be searched and which must be sealed as a unit.' [Citation.]" (*Id.* at p. 375.)

These principles were illustrated in *People v. Needham* (2000) 79 Cal.App.4th 260, where the Tulare County Sheriff's Department had an oral policy for inventory searches based on the Vehicle Code. Consistent with the policy, the deputy testified at the suppression hearing that he customarily searched bags and other containers before turning them over to the person claiming them because of the possibility of concealed weapons. (*Id.* at p. 267.)

7

*Needham* found that the sheriff's department policy was sufficiently standardized to satisfy the Fourth Amendment, and the deputy exercised his discretion within the standard procedure. (*Id.* at p. 267.) Further, *Needham* found there was no evidence that the deputy had used the inventory as a ruse to search for incriminating evidence. (*Id.* at p. 266.)

### 2. *The Inventory Search Here Comported with the Fourth Amendment*

Here, as a threshold issue, appellant complains that the decision to impound the car was a pretext for an unlawful search. On the contrary, the facts demonstrate the officers' decision to impound the vehicle was a proper community caretaking function and not the product of pretext. The car was parked in a traffic lane and in danger of impeding traffic; neither appellant nor his passengers had a driver's license; and the car lacked a license plate.

Further, the officers were not required to contact the minors' parents to see if one of them could drive the car. (See *People v. Williams, supra,* 145 Cal.App.4th at pp. 761–762 [police not required to adopt least intrusive means in deciding whether to impound vehicle].) Indeed, the existence of other means of protecting the car does not render the impound unreasonable. (*People v. Steeley, supra,* 210 Cal.App.3d at p. 892.) In *Steeley,* the driver had a revoked license. The court concluded, "[i]t was not unreasonable for [the officer] to conclude that the appropriate way to protect the vehicle was impoundment." (*Id.* at p. 892.)

Secondly, appellant argues that section 27 only provides that police make an inventory of all containers, including bags, cases, and purses; the record was silent whether LBPD policy would permit an inventory that included the contents of such containers. We disagree.

8

Similar to *People v. Needham, supra,* 79 Cal.App.4th 260, Officer de Jongh testified that LBPD had a policy of inventorying containers as well as other items found in cars. Pursuant to that policy, it was not unreasonable for the officers here to open items that might contain a concealed weapon. Thus, although we recognize the jurisprudence distinguishes between closed containers and open containers, appellant's argument relying on this distinction contravenes the purposes of an inventory search. An inventory search does more than catalog the contents of vehicles; the inventory search is designed to protect officers from danger, including weapons concealed in the vehicle or in closed containers. (*People v. Needham, supra,* 79 Cal.App.4th at pp. 266–267.) Furthermore, this distinction is designed to address the dangers of indiscriminate rummaging. There was no evidence here the officers used the inventory as a ruse to search for incriminating evidence. Thus, "[t]he relevant question is whether the impounding was subjectively motivated by an improper investigatory purpose." (*Torres, supra,* 188 Cal.App.4th at p. 791.) Where, as here, there is no such evidence, we will uphold the inventory search.

//

//

//

//

//

//

//

//

//

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.


10